UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UZOMA JOHNPAUL AJUGWE,**

    **Plaintiff,**

v.                                Case No: 8:25-cv-982-MSS-AEP

**KRISTI NOEM** *in her official capacity as Secretary, U.S. Department of Homeland Security*, **and TODD LYONS,** *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*,

    **Defendants.**

___

## ORDER

Before the Court is Plaintiff Uzoma Johnpaul Ajugwe's Emergency Motion for Temporary Restraining Order. (Dkt. 2) Upon consideration of all relevant filings, case law, the arguments of counsel at a hearing held on April 18, 2025, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

Plaintiff Ajugwe ("Plaintiff") is graduate student currently enrolled at University of South Florida ("USF") in Tampa, Florida. (Dkt. 1 at ¶ 1) Plaintiff, a citizen of Nigeria, received an F-1 visa to study in the United States on February 24, 2023. (Id. at ¶ 38) Plaintiff is pursuing a master's degree in environmental engineering through a fully funded Graduate Research Assistantship. (Id. at ¶ 20) Plaintiff has also been admitted to the University of Texas at Austin's doctoral program in petroleum

engineering for the Fall 2025 semester, and Plaintiff "strongly desires" to pursue his PhD. in this program. (Id. at ¶¶ 26, 30) Defendants' counsel offers no evidence or argument that Plaintiff has ever been convicted of committing any crime or violating any immigration law in the United States.

On April 8, 2025, Plaintiff received an email from the Designated School Official ("DSO") at USF, Marcia Taylor, informing him U.S. Immigration and Customs Enforcement ("ICE") terminated his Student and Exchange Visitor Information System ("SEVIS") record. (Id. at ¶ 4; Dkt. 1-12) According to the email, the reason ICE terminated Plaintiff's SEVIS record was as follows: "Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." (Dkt. 1-12)

On April 18, 2025, Plaintiff filed this lawsuit against Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), and Todd Lyons, in his official capacity as Acting Director of ICE (collectively, Defendants), alleging DHS unlawfully terminated his SEVIS record. (Dkt. 1 at ¶¶ 92–95, 98–100, 104–105, 108–110) Plaintiff challenges DHS's termination of his SEVIS record. He does not challenge the revocation of his F-1 visa.[1] (Id. at ¶ 72)

In Count I, Plaintiff alleges Defendants violated the Administrative Procedure Act ("APA") by terminating Plaintiff's SEVIS record without statutory or regulatory authority. (Id. at ¶¶ 90–95) In Count II, Plaintiff alleges that, because Defendants failed

---

[1] Notably, however, no evidence is presented that Plaintiff's F-1 visa has, in fact, been terminated.

2

to articulate the facts forming the basis for their decision to terminate Plaintiff's SEVIS status, Defendants' actions were "arbitrary, capricious, an abuse of discretion, or otherwise not accordance with the law." (Id. at ¶¶ 96–100) In Count III, Plaintiff alleges Defendants violated the Due Process Clause of the Fifth Amendment to the United States Constitution by terminating Plaintiff's SEVIS record on improper grounds, without prior notice, and without providing Plaintiff an opportunity to respond. (Id. at ¶¶ 101–105) In Count IV, Plaintiff alleges Defendants violated the APA's procedural due process provision, 5 U.S.C. § 706(2)(B), by terminating Plaintiff's SEVIS records on improper grounds, without prior notice, and without providing Plaintiff an opportunity to respond. (Id. at ¶¶ 106–110)

Also on April 18, 2025, Plaintiff filed an emergency motion for a temporary restraining order, seeking an order from this Court:

1. Requiring Defendants to immediately reinstate Plaintiff's SEVIS status;
2. Enjoining Defendants Noem and Lyons from terminating Plaintiff's SEVIS status until resolution of his prospective Motion for Preliminary Injunction;
3. Enjoining Defendants from initiating, commencing, conducting, or executing any removal proceedings based upon termination of his SEVIS status;
4. Waiving any bond requirement in Fed. R. Civ. P. 65(c); and
5. Setting an expedited briefing schedule on preliminary injunctive relief.

The Court held a hearing on Plaintiff's Motion for Temporary Restraining Order on April 18, 2025, at 1:00 p.m. Counsel for Plaintiff and Defendants were present and explained their positions to the Court.

## II.   LEGAL STANDARD

Temporary restraining orders "serv[e] the [ ] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). To obtain emergency injunctive relief—whether that be a temporary restraining order or preliminary injunction—a plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the equities balance in the plaintiff's favor; and (4) that preliminary injunctive relief would serve the public interest. See Winter v. Natural Res. Def Council, Inc., 555 U.S. 7, 20 (2008).

## III.   DISCUSSION

The Court finds Plaintiff satisfies his burden and is entitled to the requested temporary restraining order.

### a. Likelihood of Success on the Merits

Plaintiff argues he is likely to succeed on the merits of his Complaint for two reasons. First, the termination of Plaintiff's SEVIS record violates the APA. (Dkt. 2 at 5–7) Second, the termination violates the Due Process Clause of the United States Constitution. (Id.)

Plaintiff directs this Court to a recent decision out of the United States District Court for the District of New Hampshire, a case presenting facts much like those at issue here. Liu v. Noem, Case No. 25-cv-133-SE (D.N.H. Apr. 10, 2025). In that case, a university student sued Noem and Lyons alleging DHS unlawfully terminated his F-1 student status in the SEVIS system. Id. The plaintiff alleged DHS's action violated his due process rights under the Fifth Amendment to the United States Constitution and violated the APA. Id. After oral argument, the court found the plaintiff was "likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. (citing 5 U.S.C. § 706(2)(A)).

The District of New Hampshire's conclusion is persuasive. Section 214.1(d) provides that

> the nonimmigrant status of an alien shall be terminated by the revocation of a waiver authorized on his or her behalf under section 212(d)(3) or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons.

8 C.F.R. § 214.1(d). None of these mechanisms have been employed in this case. Section 214.1(d) does not provide statutory or regulatory authority to terminate F-1 student status in SEVIS based upon revocation of a visa. See Fang v. Director U.S. Immigr. & Customs Enf't, 935 F.3d 172, 185 n.100 (3d Cir. 2019). Moreover, Plaintiff's academic record and lack of criminal history fails to support an alternative

5

basis for termination of his F-1 status, and at any rate, DHS's decision does not purport to rely upon such a reason.

Based on the foregoing, the Court finds Plaintiff is likely to succeed on the allegation that Defendants' termination of his SEVIS status is arbitrary and capricious, an abuse of discretion, contrary to his constitutional rights, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706(2). Because Plaintiff is likely to succeed on his APA cause of action, the issue of due process need not be addressed at this time.

### b. Likelihood of Irreparable Harm

Plaintiff is pursuing his master's degree in environmental engineering at USF. (Dkt. 1 at ¶ 20) As part of his education, Plaintiff is employed as a Graduate Teaching Assistant, a position that is scheduled to continue until August 2025. (Id. at ¶ 32) Plaintiff has also been accepted to the doctoral program for petroleum engineering at the University of Texas at Austin for the semester beginning August 2025. (Id. at ¶ 83) Losing SEVIS status places Plaintiff's education, research, financial stability, and career trajectories at imminent risk of irreparable harm, and jeopardizes Plaintiff's opportunity to enroll and matriculate in the doctoral program. (Id. at ¶¶ 81–86)

Plaintiff also faces the risk of immediate detention or removal from the United States. Defendants were not in a position at the hearing to stipulate that Plaintiff would not be deported or that the Universities could continue to allow the Plaintiff to matriculate and work despite the termination of his SEVIS status.

The Court finds, therefore, that Plaintiff has successfully shown that, absent the relief provided by a temporary restraining order, he will suffer irreparable harm for which an award of monetary damages would be insufficient.

### c. Balance of Hardships and Public Interests

With respect to public interest, when the government is a party, the analysis of the balance of the hardships and the public interest merge. Nken v. Holder, 556 U.S. 418, 435 (2009). Neither the Government nor the public has an interest in the violation of law and regulations. The relief requested would restore Plaintiff's ability to remain in the United States until this matter can be more fully considered allowing all Parties an opportunity to be more fully heard, and granting temporary relief in this instance would maintain the status quo. As noted, Defendants' counsel offers no evidence that Plaintiff has been convicted of any crime while in the United States. On balance, the equities favor Plaintiff at this stage of the proceedings.

Finally, Defendants offer no claim of harm that would befall them as a result of this temporary restraining order. Therefore, the Court exercises its discretion to waive the bond requirement in Fed. R. Civ. P. 65(c). Baldree v. Cargill, Inc., 758 F. Supp. 704 (M.D. Fla. 1990), aff'd, 925 F.2d 1474 (11th Cir. 1991).

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Emergency Motion for Temporary Restraining Order, (Dkt. 2), is **GRANTED**.

2. Defendants Kristi Noam, in her official capacity as Secretary, U.S. Department of Homeland Security, and Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, are temporarily enjoined for a period of fourteen (14) days from the date of this Order, or such later time as the Court may direct, as follows:

   a. Defendants shall restore Plaintiff's F-1 student status in the Student and Exchange Visitor Information System ("SEVIS");

   b. Defendants shall set aside the SEVIS record termination determination as to Plaintiff;

   c. Defendants shall not terminate Plaintiff's student status under SEVIS absent a valid ground as set forth in 8 C.F.R. § 214.1(d), and absent an adequate individualized pre-deprivation proceeding before an impartial adjudicator for Plaintiff;

   d. Defendants are prohibited from arresting, detaining, or transferring Plaintiff out of this Court's jurisdiction, or ordering Plaintiff's arrest, detention, or transfer out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiff's counsel, as well as affording him appropriate time to contest any such action;

    e. Defendants are prohibited from initiating removal proceedings against or deporting Plaintiff on the basis of the termination of his SEVIS or F-1 student status;

    f. Plaintiff shall be permitted to continue his educational pursuits and associated employment at USF and the University of Texas at Austin pending the entry of this Court's Order on the forthcoming motion for preliminary injunction; and

    g. Defendants are prohibited from taking any kind of reprisal or retaliation against USF or the University of Texas at Austin during the pendency of the temporary restraining order on grounds that either school is permitting Plaintiff to continue in his educational pursuits and associated employment, as permitted by this Court in this Order.

3. The security required by Federal Rule of Civil Procedure 65(c) is waived.

4. Plaintiff shall file, under seal, identifying information including full name, address, and date of birth, and any other information necessary for Defendants to reinstate his F-1 student status in SEVIS.

5. Plaintiff shall file a motion for preliminary injunction on or before April 23, 2025. Defendants shall file their response on or before April 28, 2025.

6. A hearing on Plaintiff's forthcoming motion for preliminary injunction shall be held before this Court on **May 2, 2025, at 9:30 a.m.**

7. By 5:00 p.m. on April 29, 2025, the parties shall file respective witness and exhibit lists that identify any exhibits they intend to present or offer into evidence at the hearing, and any witnesses they intend to call, along with a brief summary of the witnesses' expected testimony and the expected length of their testimony.

8. Plaintiff may attend the May 2, 2025 hearing via Zoom.

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of April 2025.

**Copies to:**
Counsel of record

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE